# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

# 2019 CA 1198

WJB by Guy

VGW by Guy

Guy

## TASHA PULLEY ANTHONY

## VERSUS

## JARED DAVID ANTHONY, SR.

**Judgment Rendered:** MAY 2 6 2020

* * * * * *

On Appeal from the Family Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket No. F192185, Div. B

Honorable Lisa Woodruff-White, Judge Presiding

* * * * * *

| | |
|---|---|
| Kathleen M. Wilson<br>Baton Rouge, Louisiana | Counsel for Plaintiff/Appellant,<br>Tasha Pulley Anthony |
| Jared David Anthony, Sr.<br>Baton Rouge, Louisiana | Defendant/Appellee,<br>In Proper Person |

* * * * * *

## BEFORE: WHIPPLE, C.J., GUIDRY, AND BURRIS,[1] JJ.

---

[1]  Judge William J. Burris, retired, serving *pro tempore* by special appointment of the Louisiana Supreme Court.

**BURRIS, J.**

The plaintiff appeals a judgment, signed on June 14, 2019, that retroactively granted her use and occupancy of the community residence and retroactively awarded rental reimbursement to the defendant, the plaintiff's ex-husband, from the date the petition for divorce was filed in 2014 through the date the home was destroyed in 2016. For the reasons that follow, we vacate that portion of the judgment that awarded the plaintiff retroactive use and occupancy and awarded the defendant retroactive rental reimbursement in the amount of $46,800.00 and remand to the trial court to recalculate the equalization payments owed to the parties. The judgment is affirmed in all other respects.

## FACTS AND PROCEDURAL HISTORY

Tasha Pulley Anthony and Jared David Anthony, Sr. were married in December 1998; three children were born during their marriage.[2] On November 7, 2013, Tasha filed a petition for divorce pursuant to La. Civ. Code art. 102 and sought ancillary matters, including exclusive use of the parties' community residence or, alternatively, fair market rental value of the home if Jared was awarded exclusive use. Her request for incidental relief was set for contradictory hearing on December 10, 2013.

Jared filed an answer and reconventional demand in response to Tasha's petition for divorce on December 6, 2013, wherein he sought, among other relief, that Tasha, as defendant-in-reconvention, be granted exclusive use of the parties' community residence.[3] Jared reserved his right to reimbursement of the fair market rental value of the home and the right to have the rental value determined

---

[2] Tasha's petition for divorce states that the couple married in December 2008; however, Jared denied this factual allegation in his answer and reconventional demand, stating that the couple married in December 1998. Both agree that three children were born during their marriage. Because their youngest child was born in 2001, we use December 1998 as the date of marriage.

[3] During the partition proceeding, the trial court incorrectly interpreted Jared's pleading as a request for exclusive use of the family home. However, based on our review of Jared's answer and reconventional demand, it appears that he requested that Tasha be given exclusive use and occupancy, subject to his right to receive rental reimbursement.

2

at a later date. A contradictory hearing on Jared's request for incidental relief was set for January 14, 2014.

Both Tasha and Jared, along with their respective counsel, appeared in court on December 10, 2013 and agreed to pass the issue concerning the use of the community home and right to rental reimbursement until January 14, 2014.[4] It appears that court was not held on January 14th due to inclement weather, and the matter was reset to January 28, 2014. However, the record is void of any evidence that a hearing took place on January 28th. The record reflects that the parties appeared in court several times over the next few years, but entitlement to exclusive use and occupancy of the community residence and rental reimbursement were not addressed. A judgment of divorce was entered on March 19, 2015. Tasha filed a petition for judicial partition of the parties' community property on May 12, 2016.

It is undisputed that Jared moved out of the family home in November 2013 and never returned with the intent to reside there.[5] It is further undisputed that Tasha remained in the home, located in Baton Rouge, with the couple's minor children until August 12, 2016, when the home was destroyed in the flood that devastated many parts of the area. The home remained vacant until it was sold in March 2018.[6]

A judgment determining use and occupancy and entitlement to rental reimbursement was not entered prior to August 12, 2016. Instead, these issues were not considered by the court until January 3, 2019, during the trial on the partition of community property. After hearing testimony from Jared and Tasha

---

[4]   An interim judgment was signed on March 13, 2014, memorializing the agreements reached by the parties during the December 10, 2013 proceeding. The interim judgment also decreed a separation of property pursuant to La. Civ. Code art. 2374(C).

[5]   Although Tasha changed the locks on the home prior to Christmas 2013, Jared did not testify that he would have or intended to return to the home to reside there but for Tasha's actions.

[6]   The parties reached an amicable agreement regarding the division of the proceeds from the sale of the home.

and argument of counsel, the trial court awarded exclusive use and occupancy of the community residence to Tasha, retroactively from November 7, 2013, the date of the filing of the petition for divorce, through August 12, 2016, since she had, in fact, exercised exclusive use and occupancy of the home during that time. The court further awarded rental reimbursement to Jared in the amount of $46,800.00, based on the parties' stipulation that the value of the rental reimbursement was $1,300.00 per month.[7] A judgment memorializing this stipulation, along with other partition agreements reached by the parties, and the trial court's ruling was signed on June 14, 2019.

From this judgment, Tasha appealed, arguing that the trial court erred by retroactively awarding both use and occupancy and rental reimbursement.

## LAW AND DISCUSSION

A trial court has broad discretion in adjudicating issues raised by divorce and partition of the community proceedings. Reimbursements are factual determinations and absent an abuse of discretion, the trial court's decision should not be disturbed on appeal. **Pierce v. Pierce**, 2019-0689 (La. App. 1st Cir. 2/21/2020), 2020 WL 862474, *6 (unpublished).

Louisiana Revised Statute 9:374 governs the right to rental reimbursement in partition proceedings and provides, in relevant part:

* * * *

B. When the family residence is community property..., after or in conjunction with the filing of a petition for divorce or for separation of property in accordance with Civil Code Article 2374, either spouse may petition for, and a court may award to one of the spouses, after a contradictory hearing, the use and occupancy of the family residence...pending partition of the property or further order of the court, whichever occurs first...

C. A spouse who, in accordance with the provisions of Subsection A or B of this Section, uses and occupies or is awarded by the court the use and occupancy of the family residence...shall not be liable to the other spouse for rental for the use and occupancy, except as hereafter provided. If the court awards use and occupancy to a

---

[7]   The parties stipulated to the monthly rental value, but Tasha reserved her right to challenge the awards of use and occupancy and rental reimbursement.

4

spouse, it shall at that time determine whether to award rental for the use and occupancy and, if so, the amount of the rent. The parties may agree to defer the rental issue for decision in the partition proceedings. If the parties agreed at the time of the award of use and occupancy to defer the rental issue, the court may make an award of rental retroactive to the date of the award of use and occupancy.

We agree with Tasha that La. R.S. 9:374(B) does not authorize the trial court to retroactively award use and occupancy at the partition proceeding. Instead, subpart (B) clearly authorizes the trial court to award use and occupancy to one spouse, after a contradictory hearing, *pending partition of the property or further order of the court, whichever occurs first.* Thus, we find the trial court abused its discretion in awarding use and occupancy of the community residence to Tasha in January 2019, retroactively from November 2013 through August 2016.

Next, we consider whether the trial court abused its discretion by awarding retroactive rental payments based on Tasha's actual use and occupancy of the family home. We find this court's decisions in **Benoit v. Benoit** 2011-0376 (La. App. 1st Cir. 3/8/12) 91 So.3d 1015, writ denied, 2012-1265 (La. 9/28/12), 98 So.3d 838, and **Averill v. Averill**, 2018-0299 (La. App. 1st Cir. 9/21/18), 2018 WL 4520246, *4 (unpublished), are instructive concerning the interpretation and application of La. R.S. 9:374(C).

In **Benoit**, both spouses, Tammy and Troy, requested use and occupancy of the family residence in their divorce pleadings, and Tammy alternatively requested rental reimbursement should Troy be granted use and occupancy.[8] By

---

[8]    Although **Benoit** was decided based on La. R.S. 9:374(C) as it appeared prior to the 2009 amendment, the relevant portions of this subpart were unchanged by the amendment. See 2009 La. Acts 204, § 2. Prior to the amendment, La. R.S. 9:374(C) stated:

A spouse who uses and occupies or is awarded by the court the use and occupancy of the family residence pending either the termination of the marriage or the partition of the community property in accordance with the provisions of La. R.S. 9:374(A) or (B) shall not be liable to the other spouse for rental for the use and occupancy, except as hereafter provided. If the court awards use and occupancy to a spouse, it shall at that time determine whether or not to award rental for the use and occupancy and, if so, the amount of the rent. The parties may agree to defer the rental issue for decision in the partition proceedings. *If the parties agreed at the time of the award of use and occupancy to defer the rental issue,* the court may make an award of rental retroactive to the date of the award of use and occupancy. [Emphasis added.] **Benoit**, 91 So.3d at 1029, n. 7.

5

consent judgment, the determination of use and occupancy was continued indefinitely, and Tammy's rule for rental value assessment against Troy was reserved to her, to be determined at the time of the partition of the community property. **Id**. at 1030. The exclusive use and occupancy of the family home was never awarded to either party by the court, but the parties informally agreed to allow Troy to continue to reside in the family home during the pendency of the divorce and partition proceedings. **Id**. at 1030-31.

At the conclusion of the partition proceeding, the trial court offset the amount of reimbursement owed to Troy by the rental value of the family home owed to Tammy. This court found that, in doing so, the trial court abused its discretion and concluded that Tammy was not entitled to rental reimbursement. **Id**. at 1031. The parties' agreement concerning use and occupancy of the family home was never reduced to judgment nor was there any evidence that the parties agreed to defer the rental issue *at the time* they agreed to Troy's use and occupancy of the family home. Therefore, the parties did not contemporaneously agree to defer the rental issue at the time of the award of use and occupancy as required by La. R.S. 9:374(C). **Id**.

More recently, in **Averill**, this court held that, following the 2004 amendment, La. R.S. 9:374(C)[9] no longer requires that an agreement or court order concerning rent be entered at the same time that use and occupancy is determined. **Id**. at *3, recognizing that the substantive amendment to subpart (C) legislatively overruled that portion of **McCarroll v. McCarroll**, 96-2700 (La. 10/21/97), 701 So.2d 1280, which required a contemporaneous award of use and rent. Now, La. R.S. 9:374(C) expressly allows for retroactive rent to be assessed at the partition hearing provided there is an agreement by the parties to defer the

_____

[9] See 2004 La. Acts, No. 668, § 1, eff. July 5, 2004.

6

issue, as was done in **Averill**.[10] In its discussion of the parties' arguments, this court recognized that La. R.S. 9:374(C) requires that the determination of whether to award rent or whether that decision should be deferred must be undertaken *at the time* a spouse is awarded use and occupancy. **Id**. at *4.

Here, like in **Benoit**, the informal agreement or arrangement between Tasha and Jared to allow Tasha to enjoy exclusive use and occupancy of the community residence was not reduced to judgment, and there is no evidence that the parties agreed to defer the rental issue *at the time* they agreed to Tasha's use and occupancy of the community residence. Further, as in **Benoit**, Jared's reservation of the right to have the court consider his claim for rental reimbursement does not satisfy La. R.S. 9:374(C). Because the parties did not contemporaneously agree to defer the determination of Jared's entitlement to rent at the time Tasha's use and occupancy was established, we find the trial court abused its discretion in awarding retroactive rental reimbursement to Jared.

## CONCLUSION

For the foregoing reasons, we vacate that portion of the June 14, 2019 judgment that awarded use and occupancy of the community residence to the plaintiff retroactive to the date the petition for divorce was filed through the date the home was destroyed by flood. We also vacate that portion of the June 14, 2019 judgment that awarded retroactive rental reimbursement to the defendant in the amount of $46,800.00. The matter is remanded to the trial court to recalculate the equalization payments owed to the parties. The judgment is

---

[10] There, Ms. Averill voluntarily left the community residence, relinquishing use and occupancy of the home to Mr. Averill. She filed a petition for divorce and requested, among other things, that she be awarded rent for Mr. Averill's exclusive use and occupancy of the family home. In his answer and reconventional demand, Mr. Averill requested that he be awarded exclusive use and occupancy of the family home or, alternatively, fair rental reimbursement. **Averill**, 2018 WL 4520246, at *1. Several months after Ms. Averill's petition was filed, the parties entered a consent judgment, which provided that Mr. Averill was granted use and occupancy of the family home until a judicial partition of the community property or mutual agreement of the parties and that Ms. Averill's claim for rental reimbursement would be deferred until the partition of the community. **Id**. Thus, the parties did precisely what La. R.S. 9:374(C), as amended, allows, and this court affirmed the award of retroactive rental reimbursement to Ms. Averill. **Id**. at *4.

7

affirmed in all other respects. Costs of this appeal are assessed against the defendant, Jared Anthony, Sr.

**JUDGMENT VACATED IN PART, AFFIRMED IN PART, AND REMANDED.**